Hope Del Carlo, OSB No. 002410
707 SW Washington Street, Suite 600
Portland, OR   97205
Telephone: 503/789-7372
Facsimile: 503/345-6655
hope@delcarlolaw.com

Attorney for Plaintiff Willie Martin

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| WILLIE MARTIN, | Case No. 3:16-CV-383 |
| Plaintiff, | |
| | COMPLAINT |
| v. | |
| GREENSKY, LLC, a Georgia Limited Liability Company, and ONE ENERGY OF UTAH, LLC, a Utah Limited Liability Company, dba ONE ENERGY; | (Truth in Lending Act, Oregon Unlawful Debt Collection Practices Act, Oregon Unlawful Trade Practices Act) |
| Defendants | DEMAND FOR JURY TRIAL |

### INTRODUCTION

1.

This case arises under a refund scam that violates the Oregon and federal consumer

protection statutes. Plaintiff Willie Martin is an Oregon homeowner who was fraudulently

convinced to sign an agreement to purchase solar equipment from defendant One Energy.

Plaintiff expressed his desire to cancel the contract with One Energy almost immediately upon

learning of the true cost of the financing he was being offered. Nonetheless, defendant

GreenSky, a finance company, began mailing monthly bills to plaintiff, attempting to collect the

amount it alleged he owed under the contract.

After several months, One Energy gave plaintiff a check in the amount of $8,000.00, which its agent implied was compensation for the hassle of having been hounded by Green Sky to pay a debt plaintiff did not owe. However, to GreenSky, One Energy characterized the check as a "refund" paid to plaintiff, when plaintiff had never entered into an enforceable agreement or paid a dollar to One Energy.

As a result of One Energy's misrepresentations, GreenSky, is now attempting to collect an illegal debt from the plaintiff, and has made a negative credit report against him. Plaintiff seeks money damages to compensate for his losses sustained as a result of the scam, and other relief to stem the ongoing consequences of the collection activity.

JURISDICTION:

2.

This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337. Jurisdiction over claims brought under the Truth in Lending Act is authorized and instituted under 15 U.S.C. § 1640(e). This Court has supplemental jurisdiction over the Oregon claims pursuant to 28 U.S.C. § 1367 because these claims are so related to the federal claims that they form part of the same case or controversy. Venue is appropriate in the District of Oregon because a substantial part of the events or omissions giving rise to the claims at issue occurred in Oregon.

PARTIES:

3.

Plaintiff, Willie Martin, is a natural person whose domicile is in Oregon.

4.

Defendant GreenSky, LLC, (hereinafter, "GreenSky") is a Georgia limited liability company whose principal place of business is in Georgia. At all times relevant to this action, GreenSky regularly extended or offered to extend consumer credit for which a finance charge is

or may be imposed or which, by written agreement, is payable in more than four installments, making it a creditor under the Truth in Lending Act ("TILA"), 15 USC § 1602(f) and Regulation Z, 12 CFR § 226.2(a)(17).

5.

Defendant One Energy of Utah, LLC, dba One Energy, is a Utah limited liability company whose principal place of business is Utah.

FACTUAL ALLEGATIONS:

6.

Plaintiff owns a home in Portland, Oregon. In the late summer of 2014, a field guide from One Energy approached plaintiff at his home and asked if he was interested in considering purchasing solar equipment. Plaintiff expressed interest and Garth North, another agent of One Energy, called plaintiff to schedule a meeting. North visited plaintiff at his home and attempted to sell him solar energy equipment and installation, promising that the goods and services would be financed at an interest rate of 6.99%.

7.

Plaintiff initially agreed to purchase the solar equipment on the financing terms described by Garth North, and signed documents offered by North in August 2014, including a loan application and purchase and installation agreement, among others, some of which identified GreenSky as involved in the transaction. The documents offered did not include the disclosure of plaintiff's right to cancel the agreement required by the Oregon Home Solicitation Sales Act, ORS 83.710, *et seq.*

8.

Shortly after signing the agreement, but before One Energy had begun work or delivered any goods to plaintiff, plaintiff received a bill in the mail from GreenSky that disclosed the

actual interest rate of the financing as 17.99% rather than the 6.99% rate he had been promised by One Energy.

9.

When plaintiff received GreenSky's bill showing that One Energy's agent had misrepresented the interest rate of the financing, he called Garth North, who came to plaintiff's house. Plaintiff told Garth North in a personal meeting at his home that he wanted to cancel the contract. North confirmed that he had not yet sent the contract to the lender, and that the contract had been cancelled. At that point, One Energy had not delivered any goods to plaintiff's home, and had not begun any installation work.

10.

Despite plaintiff's efforts to cancel the contract, GreenSky continued sending plaintiff bills every month, indicating that an account with them had been opened in his name. Plaintiff sought the advice of an attorney, Steven Richkind, in early 2015, as he was worried that GreenSky was continuing to insist that he owed money for the agreement he believed he had cancelled.

11.

On or about March 4, 2015, plaintiff's attorney sent a letter to One Energy and GreenSky, reaffirming plaintiff's cancellation of the contract.

12.

Shortly after plaintiff's attorney sent the letter, plaintiff received a check in the mail for $8,000.00, drawn on a One Energy account. Around the same time, Jake Kilgore, an agent of One Energy, called plaintiff. Plaintiff told Kilgore that he had hired an attorney, which Kilgore reacted to with surprise and disappointment. Kilgore told plaintiff that he didn't need to talk to an attorney, and that he was sorry that One Energy had given him the runaround. Kilgore

characterized the check from One Energy as money that plaintiff could use however he wished to. Kilgore did not tell plaintiff that the check was a refund that he needed to turn over to Green Sky.

13.

Plaintiff cashed the check in reliance on Kilgore's representations that the $8,000.00 payment came without further obligation. Kilgore did not tell plaintiff that the check was a refund--nor could it have been an actual refund, as plaintiff had never paid any money to One Energy.

14.

After plaintiff cashed One Energy's check, Jake Kilgore told GreenSky that One Energy had made a "refund" of $8,000.00 to plaintiff. This representation mischaracterized the nature of the payment as a refund made under the contract, when plaintiff had cancelled the contract and had made no payments under it.

15.

As a result of One Energy's fraud, GreenSky is continuing to make collection attempts against plaintiff, and now insists that he owes $9,936.88, which includes $1,936.88 in interest and fees in addition to the principal amount of $8,000.00 One Energy fraudulently alleged that plaintiff owed.

16.

GreenSky has reported the account to at least one credit reporting agency, claiming that plaintiff was 30 days late on at least one payment on the account.

///

///

///

17.

As a result of GreenSky's attempts to collect a debt that he did not owe, plaintiff has suffered from sleeplessness, worry, headaches, chest pains, and severe frustration over his inability to resolve the issue.

FIRST CLAIM FOR RELIEF— TRUTH IN LENDING ACT ("TILA") (Against GreenSky)

18.

Plaintiff incorporates paragraphs 1 through 17 here by reference.

19.

GreenSky is a credit card issuer and a creditor under TILA, and the account originated by defendant GreenSky for plaintiff was an open-end credit card account subject to TILA and its Fair Credit Billing Act Provisions, 15 USC §§1601–1667f; 15 USC §§1666–1666j.

20.

Plaintiff entered into a transaction involving consumer credit with GreenSky, as the account was initially opened in the anticipation that GreenSky would extend credit for personal, family, or household purposes.

21.

Under the Fair Credit Billing Act's anti-holder-in-due course provisions of TILA, found at 15 USC § 1666i, plaintiff has the right to assert the other claims in this lawsuit against GreenSky because the following elements have been satisfied:

a) Plaintiff's dispute with One Energy arose, in part, due to the use of the credit card issued by GreenSky;

b) Plaintiff made a good-faith attempt to resolve the dispute with both One Energy and GreenSky;

c) The amount of credit extended exceeds $50.00;

d) The disputed transaction occurred in Oregon, the same state as plaintiff's current address.

22.

If plaintiff prevails on his other claims against GreenSky for which it is also liable under the FCBA, plaintiff's relief is limited to the amount of credit outstanding at the time plaintiff first notified GreenSky of his claims. He is also entitled to reasonable costs of this action and attorney fees pursuant to 15 USC § 1640(a)(3).

SECOND CLAIM FOR RELIEF—OREGON UNLAWFUL DEBT
COLLECTION PRACTICES ACT ("OUDCPA") (ORS 646.639)—(Against GreenSky)

23.

Plaintiff incorporates by reference paragraphs 1 through 22 above.

24.

Defendant is a debt collector subject to the Oregon Unlawful Debt Collection Practices Act, and has violated the OUDCPA by attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist, in violation of ORS 646.639(2)(k), and by attempting to collect amounts, interest, and other charges or fees in excess of the any actual debt that was owed, in violation of ORS 646.639(2)(n).

25.

As a result of defendant's violations, plaintiff suffered economic and non-economic damages in an amount to be proven at trial. Plaintiff is also entitled to attorney fees, costs, and punitive damages as set forth in ORS 646.641(2).

THIRD CLAIM FOR RELIEF—Oregon Unlawful Trade Practices Act ("UTPA") (Against GreenSky and One Energy)

26.

Plaintiff incorporates by reference paragraphs 1 through 25 above.

27.

One Energy's transaction with plaintiff was a home solicitation sale as defined by ORS 83.710(1)(a), since it was a written agreement for the sale of good or services that was solicited personally and made at his home.

28.

Because the transaction was a home solicitation sale, One Energy was require to provide plaintiff with a copy of the written agreement and disclosures outlined in ORS 83.730. One Energy failed to provide such written disclosures, including any disclosure of plaintiff's right to cancel the transaction under Oregon law.

29.

Under ORS 83.730(4), since plaintiff never complied with ORS 83.730, plaintiff had the right to cancel the transaction by notifying One Energy in any manner and by any means of his intention to cancel the transaction.

30.

Plaintiff notified One Energy and GreenSky of his intention to cancel the transaction several times, beginning with his oral cancellation immediately after the agreement was signed, and later, in writing.

31.

Under ORS 83.740(1), One Energy had a duty to tender the note or any other evidence of indebtedness to plaintiff within ten days of the cancellation of the sale; One Energy did not

comply with this requirement. Under ORS 83.820 and TILA (as described in the First Claim for Relief), GreenSky is also liable to comply with plaintiff's cancellation of the contract, and is liable for One Energy's violation of the UTPA, as described in the following paragraphs.

32.

One Energy has violated ORS 646.608(1)(k) of the Oregon Unlawful Trade Practices Act in conjunction with its failure to honor plaintiff's cancellation request under the Oregon Home Solicitation Sales Act in the following specific ways:

a) by failing to return the note or other evidence of the indebtness to plaintiff, and to communicate plaintiff's oral cancellation of the contract to GreenSky, One Energy misrepresented the nature of the transaction or obligation incurred, thus leading GreenSky to believe that plaintiff continued to be contractually obligated to make payments;

b) by representing to plaintiff that the check it issued to him carried with it no repayment obligations, while representing to Green Sky that the check was a "refund" to plaintiff that validated GreenSky's continued collection activities, One Energy misrepresented the nature of the transaction or obligation to both parties.

33.

One Energy's misrepresentations and omissions were made with malice or, alternatively, with callous or reckless indifference to the health and welfare of the plaintiff, warranting an award of punitive damages, to be proven at trial.

34.

As a result of One Energy's violations of the UTPA, defendants are also liable to plaintiff for actual damages, attorney fees, and costs, as well as declaratory relief that the contract that is the subject of this action has been cancelled, and that plaintiff does not owe money to any party in connection with it.

WHEREFORE plaintiff prays for relief as follows:

1.  On plaintiff's First Claim for Relief (TILA/FCBA), for

    a.  plaintiff's actual (non-economic and economic) damages as determined other
        the other claims for relief pleaded in this action, to the extent allowed by
        TILA;

    b.  plaintiff's reasonable costs, disbursements and attorney fees;

    c.  such other relief as this Court deems just and equitable.

2.  On plaintiff's Second Claim for Relief (OUDCPA), for:

    a.  plaintiff's actual (non-economic and economic) damages in an amount to be
        proven at trial;

    b.  punitive damages in an amount to be proven at trial;

    c.  reasonable costs, disbursements and attorney fees; and

    d.  such other relief as this Court deems just and equitable.

3.  On plaintiff's Third Claim for Relief (UTPA), for:

    a.  plaintiff's actual (non-economic and economic) damages in an amount to be
        proven at trial;

    b.  punitive damages in an amount to be proven at trial;

    c.  declaratory relief that orders the contract cancelled, and affirms plaintiff is not
        liable to any party for any debt arising out of the transaction at issue;

    d.  reasonable costs, disbursements and attorney fees; and

    e.  such other relief as this Court deems just and equitable.

                                        35.

Plaintiff hereby demands trial by jury.

DATED this 29th day of February, 2016.

Respectfully submitted,

By: */s/ Hope Del Carlo*
Hope Del Carlo, OSB No. 002410
707 SW Washington St. Suite 600
Portland, OR 97205
Telephone: 503/789-7372
Facsimile: 503/345-6655
hope@delcarlolaw.com

Attorney for Plaintiff